UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DALTON S.H.,

     Plaintiff,

 v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

Case No. 3:23-cv-05108-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

  Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the Administrative Law Judge's ("ALJ") decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

  On May 8, 2020 plaintiff protectively filed an application for SSI alleging a disability onset date of March 27, 2017. AR 166-175. Plaintiff's claim was denied initially and upon reconsideration. AR. 99-102, 106-108. On November 3, 2021 a hearing was conducted by Administrative Law Judge ("ALJ") S. Pines. AR 34-58. At the hearing plaintiff amended his disability onset date to May 8, 2020. AR 38. On December 16, 2021 the ALJ issued a decision denying plaintiff's claim. AR 12-33.

  The ALJ found plaintiff had the following severe impairments: degenerative disc disease, depression, anxiety, and a trauma disorder. AR 17. The ALJ determined

plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b) with exceptions. AR 20. On December 12, 2022 the Appeals Council denied review and plaintiff filed an appeal. AR 1-5.

## STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## DISCUSSION

**1. Medical evidence.**

Plaintiff contends that the ALJ failed to properly evaluate the medical opinions of Dr. Peter Weiss, Ph.D. and Dr. Janet Lewis Ph.D. Dkt. 7 at 3-8. The commissioner responds that the ALJ reasonably found Dr. Weiss' and Dr. Lewis' opinions to be unpersuasive because they were unsupported by and inconsistent with Dr. Weiss' own findings. Dkt. 13 at 2-4

Plaintiff filed the claim on May 8, 2020 so the ALJ applied the 2017 regulations. *See* AR 166-175. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. Under the new regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Id.*

In April 2017 Dr. Weiss examined plaintiff at the request of the Department of Social and Health Services ("DSHS"). AR 303-307. The evaluation consisted of a psychological evaluation with a clinical interview and mental status examination. *Id*. Dr. Weiss diagnosed plaintiff with bipolar II disorder. AR 304. Dr. Weiss completed a

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

3

medical source statement where he opined that plaintiff experienced a "severe" limitation in his ability to "[p]erform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision" and his ability to "[c]omplete a normal workday and work week without interruptions from psychologically based symptoms." AR 305. He indicated that plaintiff would have a "none or mild" or "moderate" limitation in every other basic work activity. *Id*. He assigned an overall severity rating of "marked." *Id*. Dr Weiss indicated on the mental status exam that plaintiff's mood was depressed and his affect was dysthymic. AR 306. He opined that plaintiff's concentration was not within normal limits based on the fact that plaintiff was not able to perform serial sevens, however, he noted that plaintiff was able to perform serial threes without error. AR 307.

In February 2020 Dr. Weiss again examined plaintiff at the request of DSHS. AR 309-315. He diagnosed plaintiff with bipolar II disorder, and post-traumatic stress disorder. AR 310. He opined that plaintiff was severely limited in the same areas as he determined in the March 2017 evaluation — and additionally opined that plaintiff had a "marked" limitation in his ability to "[c]ommunicate and perform effectively in a work setting" and his ability to "[S]et realistic goals and plan independently." AR 310-311.

He again assigned an overall severity of "marked." AR 311. On the mental status examination, he noted plaintiff's mood as depressed and affect as dysthymic. AR 312. He also found plaintiff's concentration was not within normal limits based on the fact that plaintiff was unable to perform serial sevens, however, he was able to perform serial threes with one error and was able to count backwards from 20 to 1 without error. *Id*. On February 26, 2020, Dr. Lewis reviewed Dr. Weiss' February 2020 medical severity

assignment, mental functional assessment, and medical reports and approved of all of Dr. Weiss' assessments. AR 651.

The ALJ determined that Dr. Weiss' opinions and Dr. Lewis' concurrence were not persuasive on the basis that (1) the overall marked limitation is internally inconsistent with the mostly none to moderate specific functional limitations; (2) Dr. Weiss did not provide an explanation for the areas he indicated to have a severe limitation; (3) Dr. Weiss' opinions are inconsistent with the mostly normal mental status examination; and (4) Dr. Weiss' opinions are inconsistent with the medical record which reported significant improvement in plaintiff's mental health symptoms. AR 26.

Regarding the ALJ's first three reasons, the ALJ may reject an opinion for internal inconsistency. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Yet the ALJ must consider the context of the opinion in the record, including observation and treatment notes. *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014).

First, the ALJ did not explain the purported inconsistencies between the specific basic work activities and the overall severity limitation. As plaintiff argues, in making this determination, the ALJ appears to rely on each limitation being rated equally in assessing the overall impact. In doing so, the ALJ improperly substituted their own opinion for that of the professional mental health medical opinions. *See Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) (holding that an ALJ improperly rejected an informed medical opinion and substituted their own judgment for that of the doctor's).

Second, the ALJ stated that Dr. Weiss did not provide an explanation for the areas he considered to have a severe limitation. AR 26. Dr. Weiss conducted a clinical interview, mental status examination, and administered a psychological diagnostic

evaluation with personality assessment inventory. AR. 309-315. He took detailed notes summarizing plaintiff's medical/mental health, educational/work history, activities of daily living, and his own clinical findings prior to making his opinion. *Id*. Dr. Weiss noted on the mental status exam that plaintiff's mood was depressed, his affect was dysthymic, and he was unable to perform serial sevens. AR 312. Additionally, Dr. Weiss concluded on the psychological testing that plaintiff reported significant depression but noted that he underrepresents his level of psychological distress. AR 315.

Third, the ALJ did not identify how Dr. Weiss' opinions would be inconsistent with the mental status exam. When an ALJ seeks to discredit a medical opinion, they must explain why their own interpretations, rather than those of the doctors, are correct. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Without explanation for why the opinion was inconsistent with the medical status exam, it again appears that the ALJ improperly substituted their own lay opinion for that of the doctor. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (The Social Security Administration must set forth the reasoning behind its decisions in a way that allows for meaningful review, and the ALJ must build an accurate and logical bridge from the evidence to his or her conclusions).

As for the ALJ's fourth reason, periods of improvement are not inconsistent with Dr. Weiss' opinions. This conclusion is also not supported by the treatment record. Although at times providers notes indicate that plaintiff reported a decrease in his symptoms (AR 526, 555, 572-73, 583, 644-45, 738) plaintiff also reported heightened symptoms at other times (AR 621, 629, 666, 691, 767, 768). Here the ALJ did not consider the waxing and waning nature of mental health symptoms. *Garrison v. Colvin*,

759 F.3d 995, 1017 (9th Cir. 2017) ("[I]t is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment.").

For the same reasons the ALJ erred in assessing Dr. Weiss' opinion, there was also error in assessing Dr. Lewis' concurring opinion.

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in a residual functional capacity ("RFC") that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id* at 1052, 1054*; see also, Carmickle v. Comm'r. Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished). Here the vocational expert testified that a person who was off task to the point that they were not performing "at least the 80th percentile of overall production compared to the good average, normal worker, that person would not be competitive for skilled employment." AR 57. Dr. Weiss and Dr. Lewis' opinions show that plaintiff experienced a "severe" limitation in his ability to "[p]erform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision" and his ability to "[c]omplete a normal workday and work week without interruptions from psychologically based symptoms." AR 305, 309-315, 651. Because the RFC did not include these limitations, the error was not harmless.

Plaintiff contends that the ALJ erred by failing to provide sufficient reasons for not incorporating fully plaintiff's subjective claims and in rejecting lay witness statements by plaintiff's girlfriend; however, the Court already has concluded that the ALJ committed

harmful error and the medical evidence should be reviewed anew, *see supra*, Section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

2. **Whether the Court should reverse with a direction to award benefits.**

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. *Leon*, 80 F.3d at 1045.

Here, plaintiff asks that the Court remand for an award of benefits. Dkt. 7 at 16. Based on a review of the record, the Court concludes that the record is not free from important and relevant conflicts, such as conflicts in the medical evidence. Therefore, this matter should be reversed for further administrative proceedings, including a *de novo* hearing, not with a direction to award benefits. *See Leon*, 80 F.3d at 1045.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings.

Dated this 14th day of December, 2023.

Theresa L. Fricke
United States Magistrate Judge